13-3004
*Aurel Smith v. David F. Martuscello, Jr., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand and fifteen.

PRESENT: ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

AUREL SMITH, on behalf of himself and all similarly situated prisoners at Coxsackie Correctional Facility,

*Plaintiff-Appellant,*

-v.-                                                    No. 13-3004

DAVID P. MARTUSCELLO, JR., Superintendent, Coxsackie Correctional Facility, BRIAN FISCHER, Commissioner, Department of Correctional Services, LUCIEN J. LECLAIRE, Deputy Commissioner for Facility Operations, KAREN BELLAMY, Director, Inmate Grievance Committee,

1

*Defendants-Appellees.*

_____

For Plaintiff-Appellant:           DAVID BOND, Burlington, VT.

For Defendants-Appellees:          ANDREW B. AYERS, Assistant Solicitor
                                   General (Barbara D. Underwood, Solicitor
                                   General; Andrea Oser, Deputy Solicitor
                                   General, *on the brief*), for Eric T.
                                   Schneiderman, Attorney General of the
                                   State of New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Aurel Smith, an inmate in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"), brought a 42 U.S.C. § 1983 action seeking declaratory and injunctive relief against three senior officials in DOCCS's central office in Albany (the "Supervisory Defendants"), as well as against Daniel Martuscello, the Superintendent of the Coxsackie Correctional Facility, where Smith was incarcerated from January 2009 through July 2010. Smith filed his complaint on behalf of himself and a putative class of inmates

"who either currently reside or did reside (via their incarceration) at Coxsackie Correctional Facility."  Am. Compl. ¶ 4.  Smith alleges that he witnessed and personally experienced corrections officers at Coxsackie routinely assault inmates and then file prison disciplinary charges falsely accusing the inmates of instigating the violence.  In January 2012, Defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint in its entirety.  On September 25, 2012, the district court granted Defendants' motion to dismiss.  *Smith v. Martuscello*, No. 9:10-CV-1532 (NAM/RFT), 2012 WL 4378125, at *2 (N.D.N.Y. Sept. 25, 2012).  We otherwise assume the parties' familiarity with the underlying facts and procedural history.

We review de novo a district court's decision on a motion to dismiss, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  This appeal involves only whether the dismissal of Smith's claims against the Supervisory Defendants was proper.

Smith sues the Supervisory Defendants in their official capacities, as officers of the state.  *See* Am.Compl. ¶¶ 6-8.  "A suit against a state officer in his official capacity is, of course, a suit against the State."  *Diamond v. Charles*, 476

3

U.S. 54, 57 n.2 (1986).  Because "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation," in order for Smith to have a viable claim against the Supervisory Defendants, he must allege a state "'policy or custom' [that] played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). [1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Though Smith's amended complaint contains allegations of widespread abuse in the prison system, and at Coxsackie in particular, it contains no allegations that the abuse was the result of a policy or custom of deliberate indifference to inmate abuse.

Indeed, we found similar allegations insufficient in our decision in *Webb v. Goord*, noting that "[a]malgamating more than forty discrete incidents of

---

[1] We acknowledge, of course, that "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought.  Thus, implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State." *Graham*, 473 U.S. at 167 n.14 (citing *Ex parte Young*, 209 U.S. 123 (1908)) (internal citation omitted).

misconduct by DOCS officials does not make for a sustainable lawsuit . . . [T]aken together, the claims do not establish the existence of a policy or practice existing throughout the DOCS system, or within a single DOCS facility." 340 F.3d 105, 109 (2d Cir. 2003). Indeed, we distinguished between cases in which "*systemic* abuses were at issue" and those involving "a series of discrete incidents taking place within a single prison system over a long period of time." *Id*. at 110. We conclude that Smith's claim is of the latter type. Because he fails to allege a state policy or custom of deliberate indifference to inmate abuse, his claim was properly dismissed.

We have considered all of Smith's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5